UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-00039-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff William Evans, a former inmate of the Federal Bureau of Prisons ("BOP"), brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Evans alleges that he was assaulted by a correctional officer and that after the assault, he was taken to the Special Housing Unit and denied food and drink for four days. The United States has moved to dismiss or in the alternative for summary judgment and Evans has not responded. Because the United States has included evidence in support of its motion, the motion is treated as a motion for summary judgment pursuant to Rule 56 of the *Federal Rules of Civil Procedure*.[1] For the following reasons, the motion for to dismiss [dkt 17] is **granted**.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

---

[1] The Office of the United States Attorney has been put on notice before the practice of combining a motion to dismiss with a motion for summary judgment is "imprecise and confusing, in particular in *pro se* litigation." *See Taylor v. Gilbert,* 2:15-cv-0348-JMS-DKL (S.D.Ind. May 9, 2016) (dkt. 31); *Vasquez v. Roberts,* 2:15-cv-0138-WTL-WGH (S.D.Ind. Aug. 3, 2015) (dkt. 16).

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

Evans has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

On February 9, 2015, Evans filed an SF-95, "Claim for Damage, Injury, or Death," with the BOP North Central Regional Office. The SF-95 contained allegations of assault and mistreatment arising from events that occurred on November 4, 2014. That tort claim was assigned Claim Number TRT-NRC-2015-02363. The BOP North Central Regional Office denied Claim Number TRT-NRC-2015-02363 in a letter dated July 23, 2015.

The BOP's denial letter for Claim Number TRT-NRC-2015-02363 was mailed to Evans by certified mail on July 23, 2015. The July 23, 2015, denial letter advises him that, if he is dissatisfied with the BOP's action, he "may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification." The letter was delivered in Terre Haute, Indiana, on July 27, 2015. Evans filed his Verified Complaint in this action on February 1, 2016. According to the Complaint, Evans signed and verified the Complaint and mailed it to the District Court on January 27, 2016.

### III. Discussion

The United States argues that this case must be dismissed because Evans failed to comply with the terms of the FTCA when he brought this case. The FTCA states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. The statute also provides that: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b); *Kanar v. United States,* 118 F.3d 527, 528 (7th Cir. 1997).

The denial of Evans's tort claim was mailed to him on July 23, 2015. He therefore had through January 23, 2016 in which to file this lawsuit. But he signed and mailed his complaint on January 27, 2016 and it was filed in this Court on February 1, 2016. Evans's complaint was therefore filed beyond the six-month statute of limitations and must be **dismissed**.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss [dkt 17] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>November 7, 2016</u>

                                          Hon. Jane Magnus-Stinson, Judge
                                          United States District Court
                                          Southern District of Indiana

Distribution:

WILLIAM EVANS
2930 N. 25th Street
Milwaukee, WI 53206

All electronically registered counsel